John Scott Moore v. Commissioner.
Moore v. Commissioner
Docket No. 22050.
United States Tax Court
1950 Tax Ct. Memo LEXIS 309; 9 T.C.M. (CCH) 10; T.C.M. (RIA) 50005; January 10, 1950
*309 John Scott Moore, pro se. Homer F. Benson, Esq., for the respondent. DISNEY
Memorandum Opinion DISNEY, Judge: This case involves income tax for the calendar year 1946. Deficiency was determined in the amount of $240.96. Two issues are presented: Whether the Commissioner erred in disallowing (a) deduction of certain automobile expense, and (b) in disallowing deduction of $500 as exemption claimed because of petitioner's support of a niece. [The Facts] We find that the petitioner, who represented himself at the trial, is division engineer for a railroad company, and resides in Birmingham, Alabama. His Federal income tax return for the taxable year was filed with the collector for the Alabama district at Birmingham, Alabama. It was in the taxable year necessary to him to use, and he did use, his automobile in his work. He was reimbursed for such use, by his employer, at the rate of five cents per mile. He did not claim as deduction the amount repaid him by his employer, but contends that the expense of operation of the automobile was greater than five cents a mile, on 7,686 miles, the mileage used for business purposes, claiming additional operation cost of *310 $303.33. His use of the car often involved driving on unimproved back roads, which was harder on the car than use on paved roads. He kept the expense of operation of the car and divided it between business expense and personal expense, for which he makes no claim. Most of the personal driving of the car was on paved streets and highways. Petitioner did not include in his income tax return the five cents a mile paid him by his employer for use of his car. During the taxable year the petitioner's wife drew, on the joint bank account of petitioner and his wife, three checks totalling $350, payable to Mrs. Chambers Moore, the widow of petitioner's brother. Mrs. Chambers Moore cashed the checks. She resided with five children on a small farm near Lexington, Virginia. One of the children was Bettie Ann Moore, aged two and one-half years in 1946. Mrs. Chambers Moore had "difficulty in getting by." Petitioner asked her to let him raise the youngest child, but the mother replied that she did not care to break up the family and would try to get along the best she could. He agreed to support the youngest child and had a distinct understanding that he was donating money for support of the child. *311 Petitioner's wife, because he is out of town much of the time, pays most of petitioner's bills by check. Petitioner had not, since 1946, seen his sister-in-law or the child but his wife visits the family of Mrs. Chambers Moore. He has little time so to do. Mrs. Chambers Moore never accounted to petitioner how she spent the $350. [Opinion] On the above facts, we find no error shown in the Commissioner's disallowance of the deduction claimed for use of petitioner's car. It is not shown that the five cents a mile, for which he was compensated, was insufficient, and the fact that such an amount was paid him by his employer is some indication that it was a reasonable allowance for that purpose. Also, no evidence was adduced as to the nature of the expenses incurred on the car. Some expenses claimed by the petitioner may have been capital in nature, and not mere repairs, or may not have been caused by the use of the car in petitioner's business. On the evidence before us, we approve the Commissioner's action as to the automobile expense. With reference to the claim for dependency of the child: The showing made is not as definite and clear as it perhaps should be, yet it does appear *312 that the petitioner, through his wife who wrote checks on a joint bank account, paid $350 toward the support of a niece. Since it appears that her mother, a widow, resided on a small farm with five children, we find that the child did not have income exceeding $500, and find that the $350 was more than one-half of the child's support. These findings may be somewhat on the charitable side, but are, on the picture presented to us, realistic. We allow the exemption. Decision will be entered under Rule 50.